**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**MARIE S. PRINGLE**                                                                                    **PLAINTIFF**

**V.**                                                                        **CIVIL ACTION NO. 3:06CV616LS**

**WILLIAM DEAN, JR., Former Superintendent;
JUDGE A. NELSON, Current Superintendent;
STEPHEN BAILEY, Former Holmes County School
Board President; HENRY L. DAVIS, Current
Holmes County School Board President; JAMES
ANDERSON, Current Holmes County School
Board President; SANDRA YOUNG, Former
Holmes County School Board President; CHARLES
HURST, Holmes County School Board Member;
HELEN JOHNSON, Holmes County School Board
Member; RAYFORD HORTON, Holmes County
School Board Member; ADELAIDE RILEY
FISHER, Former Administrative Assistant;
HENRINE KING, Current Administrative Assistant;
CHARLOTTE WILLIAMS, Former Mississippi
Supreme Court Clerk; LILLIE J. BROWN, Teacher;
CHESTER COLE, Former Teacher; ALIX SANDERS,
Former School Board Attorney; EARNEST V. GREER,
Former School Counselor; BARBARA A. YOUNG,
Current Teacher; MARK CHINN; REUBEN
ANDERSON; RICHARD ROBERTS, III; JAMES BELL;
CARLTON REEVES; SHIRLEY NEAL, JR. and ROBERT
REDMOND,
JR.**                                                                                          **DEFENDANTS**

## ORDER

This matter came before the court on the Plaintiff's Motion to Proceed *in Forma Pauperis*
in this case, which involves claims of sex discrimination, blacklisting, embezzling, racketeering,
slander, violation of Constitutional and human rights, conspiratorial acts, contempt of court order
and bribery.  These claims are based upon an employment dispute that arose during the 1998-99
school year, while Ms. Pringle was employed by the Holmes County School District.  When the
Holmes County School Board terminated her employment, Ms. Pringle brought a lawsuit in the
Holmes County Chancery Court, in which the court awarded her reinstatement and back pay.  In
1991, the Mississippi Supreme Court affirmed the Chancery Court's decision.

Documents submitted with Ms. Pringle's pleadings indicate that, after the Mississippi Supreme Court's decision was rendered, she and her attorneys met with the attorney for the School Board to discuss settlement. At some point thereafter, the parties apparently executed a settlement agreement. A letter from one of Pringle's attorneys reflects that a settlement check in the amount of $41,964.98 was sent to her on February 24, 1992.

In 1994, however, Pringle filed a lawsuit with this court against members of the Holmes County School Board, the Sheriff of Holmes County, Mississippi Valley State University, the Office of Civil Rights, the Mississippi Bar Association, her former attorneys, the Department of Human Services of Holmes County, Mississippi State University, the Equal Employment Opportunity Commission, and numerous others, alleging civil rights violations. *Pringle v. Davis, et al.*; Civil Action No. 3:94cv175LN. The lawsuit was ultimately dismissed, and that dismissal was affirmed by the Fifth Circuit. *Pringle v. Davis*, No. 95-60600 (5th Cir. Aug. 1, 1996). According to the Fifth Circuit's docket, the United States Supreme Court denied Pringle's petition for writ of certiorari on March 20, 1997.

One of Pringle's complaints is that money deducted from her paychecks was supposed to have been deposited in a tax shelter annuity. A document attached to her pleadings shows that Pringle sent a note to some entity on October 4, 2000, asking about the status of that account. In May, 2006, Pringle filed a Charge of Discrimination with the Equal Employment Opportunity Commission, making the following accusation:

> In the fall of 1989 the above employer terminated my employment. Subsequently, I filed EEOC charges and a lawsuit against the District which resulted in me being reinstated. In retaliation, I was discharged on numerous occasions and the District reneged on its Court ordered obligations. Since that time I have been blackballed from obtaining gainful employment and legal assistance.

The EEOC dismissed her claims and closed its file on July 21, 2006, on grounds that it could not investigate the charge because "it was not filed within the time limit required by law." This lawsuit followed, alleging the following:

> This is a sex discrimination in employment, retaliation, hatred, conspiracy, sexual harassment, breach of contract, blacklisting, denial of due process, obstruction

2

of justice, violation of Civil Rights, violation of Human Rights, violation of Property and Liberty Rights to employment, Violation of Equal Rights and Violation of Employment Laws, State and Federal (Title IV, Title VI, Title VII, and Title IX), and libelous/slanderous acts towards Plaintiff.  The attorneys did not enforce the Court Order handed down by the Miss. Supreme Court because the defendants and attorneys thought that the Plaintiff knew about corrupt activities in the county and because Plaintiff would have been making a salary higher than most males and females in the county.  Defendants were watching Plaintiff's money.  The defendants plotted to take plaintiff's job, money, and blacklist her from gaining employment so that Plaintiff could be placed at the bottom of the pay scale and educational ladder.

     (1)  Defendants -- Former Supts. William Dean, Jr., Judge A. Nelson, Current Supt. Stephen Bailey, Current Bd. Pres. Sandra Young, Former HCSB Presidents, Henry L. Davis, James Anderson, Former and Current Holmes Co. School Bd. Members, Former HCSB Attorney -- Alix Sanders and other attorneys named in the Caption did not enforce the court order because the community and defendants thought that the Plaintiff knew of criminal activities involving drugs, embezzling, money laundering, racketeering, bribery, et al.

     (2)  The defendants and the attorneys swindled Plaintiff out of her career and all moneys.  The attorneys sued the Holmes Co. School Bd. and made 750,000.00, but refused to give plaintiff her share.  Once this case is investigated, the court will discover that the attorneys and defendants made a lots of money off of this case, but continue to block Plaintiff from getting employment and money owed her from the Court Order of Dec. 4, 1991.

     (3)  The defendants, the Holmes Co. School Bd., and the attorneys hired Benny Montgomery, a male, to fill a position that the Ms. Supreme Ct. ordered Plaintiff to work.  Former Supt. Judge A. Nelson terminated Plaintiff six times in Jan. and Feb. 1992 and barred her from entering upon school premises.  Benny Montgomery possessed less education, but he made 92,000.00 per year and Plaintiff has been blacklisted from gaining employment and legal representation.  The males in Holmes County were watching Plaintiff's salary.  Plaintiff has $387,777.00 in social security, but cannot draw a cent because Plaintiff is not old enough semi-disabled.

     (4)  Defendants took $100.00 a month from Plaintiff's check from July 1985-92, but the money cannot be accounted for at this time.  Tax Shelter Annuity -- American Fidelity.  Defendants deducted $150.00 per month from plaintiff's payroll check for Blue Cross-Blue Shield, but there is no record.  Where is the money?

     (5)  Attorneys coerced Plaintiff to sign an unethical and unprofessional settlement agreement, but the attorneys and defendants breached the agreement.  No one signed the agreement but the plaintiff.  Plaintiff signed the agreement because she thought that the defendants would kill her or place her in jail as the attorneys and defendants stated.

According to the Plaintiff's Motion to Proceed *in Forma Pauperis*, her only income is a disability check in the amount of $603.00 per month.  Given her income and expenses, she would most likely be entitled to proceed without the prepayment of fees.  The status of service of process

is unclear.  The docket indicates that the Plaintiff has served summonses that were not issued by the court, which may not comply with the requirements of Fed. R. Civ. P. 4(a).  In the event *in forma pauperis* status is granted, the Plaintiff may insist upon service by the United States Marshal, in compliance with 28 U.S.C. § 1915(d).

However, permitting the Plaintiff to proceed with this lawsuit in federal court without the prepayment of fees, whether or not the United States Marshal is required to serve process, also permits the court to dismiss this case at any time if it determines that the Complaint fails to state a claim on which relief may be granted.  § 1915(e)(2)(B).  This statute applies equally to prisoner and non-prisoner cases.  *Newsom v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002).  The reason for permitting early dismissal is clear -- to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Thus, the court is not required to wait until a defendant has been served and has moved for dismissal; the court may dismiss a case on its own motion if it falls within the parameters of § 1915(e)(2).  *Neitzke*.

A review of the Complaint in this case raises concern as to whether the Plaintiff can succeed on any of her claims, even if all of the facts that she alleges are true.  Most, if not all, of the acts she complains of occurred many years ago, and Pringle is probably barred from seeking relief by the applicable statutes of limitations.  It appears that Pringle has attempted to circumvent the statute by alleging a sort of continuing fraud that prevents her from becoming employed.  The court notes, however, that her current income appears to be based upon a determination that she is disabled.  Before the court is compelled to invest its scarce resources on this matter, it will require the Plaintiff to provide additional information as to the precise acts about which she complains and the dates on which those acts occurred.  If that information reveals that the Plaintiff cannot succeed on her claims, or if the Plaintiff fails to provide the information, the undersigned will recommend a dismissal of

4

this action.  The court is aware that the Plaintiff has moved for the appointment of counsel; however, that Motion will not be considered until the information required by the court has been considered.

IT IS, THEREFORE, ORDERED that the Plaintiff shall provide to the court, on or before December 29, 2006, an Amended Complaint stating, with regard to each individual Defendant, the precise acts of that Defendant that form the basis of her claim and the dates on which those acts occurred.

IT IS FURTHER ORDERED that, on or before December 29, 2006, the Plaintiff shall provide to the court a statement of the nature of the disability for which she receives benefits and the date on which that disability began.

IT IS SO ORDERED, this the 29th day of November, 2006.


                                        s/James C. Sumner
                           UNITED STATES MAGISTRATE JUDGE