```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                         JACKSON DIVISION
```

MARIE S. PRINGLE                                                PLAINTIFF


V.                                     CIVIL ACTION NO. 3:06CV616TSL-JCS


WILLIAM DEAN, JR., Former Superintendent;                      DEFENDANTS
JUDGE A. NELSON, Current Superintendent;
STEPHEN BAILEY, Former Holmes County School
Board President; HENRY L. DAVIS, Current
Holmes County School Board President; JAMES
ANDERSON, Current Holmes County School
Board President; SANDRA YOUNG, Former
Holmes County School Board President; CHARLES
HURST, Holmes County School Board Member;
HELEN JOHNSON, Holmes County School Board
Member; RAYFORD HORTON, Holmes County
School Board Member; ADELAIDE RILEY
FISHER, Former Administrative Assistant;
HENRINE KING, Current Administrative Assistant;
CHARLOTTE WILLIAMS, Former Mississippi
Supreme Court Clerk; LILLIE J. BROWN, Teacher;
CHESTER COLE, Former Teacher; ALIX SANDERS,
Former School Board Attorney; EARNEST V. GREER,
Former School Counselor; BARBARA A. YOUNG,
Current Teacher; MARK CHINN; REUBEN
ANDERSON; RICHARD ROBERTS, III; JAMES BELL;
CARLTON REEVES; SHIRLEY NEAL, JR. and ROBERT
REDMOND,
JR.


## MEMORANDUM OPINION AND ORDER

This cause is before the court <u>sua</u> <u>sponte</u>, which involves putative claims of sex discrimination, blacklisting, embezzling, racketeering, slander, violation of constitutional and human rights, conspiratorial acts, contempt of court order and bribery. On November 26, 2006, the court entered an order briefly detailing the factual background of the case and the claims purported to be set out in the complaint. In that order, the court observed that,

not only did the claims, as set out in the original complaint, arise from conduct occurring in the early 1990s, but also that the alleged conduct had previously been the subject of litigation in both this court and in state court. Accordingly, by its order, the court, as part of the screening process set out in 28 U.S.C. § 1915(e)(2)(B), required plaintiff to amend her complaint to state with specificity the precise acts of the defendants that form the basis of her claims and the dates on which the acts were alleged to have occurred.

On January 4, 2007, the plaintiff filed her amended complaint and, despite the court's order requiring specificity regarding the precise acts of the defendants and the dates on which the allegedly illegal acts occurred, the amended complaint added only a few irrelevant details. Having now examined the original and amended complaints, the court concludes that the complaint should be dismissed for failure to state a claim upon which relief may be granted.

As set forth in the court's previous order, under § 1915(e)(2)(B), a plaintiff may be allowed to proceed without the prepayment of fees. Section 1915(e)(2) further provides, however, that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The law "accords judges not only the authority to dismiss a claim based on an

indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); See Denton v. Hernandez, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and Macias v. Raul A., 23 F.3d 94, 97 (5th Cir. 1994). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." Id.

   The Court has permitted the plaintiff to proceed in forma pauperis in this action, and thus her complaint is subject to sua sponte dismissal under 28 U.S.C. § 1915(e)(2). The reason for permitting early dismissal is clear -- to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke, 490 U.S. at 327.

Here, it is apparent that any federal claims against the Holmes County School Board defendants[1] related to her 1991 termination would not only be time-barred, see Thomas v. City of New Albany, 901 F.2d 476, 476 (5th Cir.1990) (explaining that state's residual statute of limitations is applicable to suits under § 1983); M.C.A. § 15-1-49 (three-year residual statute of limitations); and 42 U.S.C. § 2000e 5(e)(1) (Title VII claimant must file charges with the EEOC within 180 days of the alleged illegal conduct), but also is barred by the settlement and release which Pringle executed with the School District in 1992. See Pringle v. Nelson, Civil Action No. 3:94cv175(L)(N), slip op. at 4-5 (S.D. Miss. Aug. 11, 1995).[2]

Further, the court finds that plaintiff's allegations of a continuing conspiracy to blacklist her from employment in the educational field also fail to state a claim upon which relief may be granted. The putative federal conspiracy claims, apparently asserted against all the defendants named in both complaints, including her former legal counsel, are vague, conclusory and

---

[1] These would appear to be William Dean, Jr, Judge A. Nelson, Stephen Bailey, Henry L. Davis, James Anderson, Sandra Young, Charles Hurst, Helen Johnson, Rayford Horton and Aldelaide Riley Fisher.

[2] Further, to the extent that plaintiff purports to state a state law claim for the recovery of funds allegedly deducted from her payroll check and placed in a tax sheltered annuity, this claim would likewise be barred by the broad terms of the 1992 release agreement. More importantly, however, this state law claim does not support the court's exercise of jurisdiction.

wholly fanciful. In one instance, the complaint recites that "the defendants and attorneys plotted to take plaintiff's job, money, and blacklist her from gaining employment and legal representation so that plaintiff could be placed at the bottom of the pay scale and educational ladder." The complaint also states that the "defendants and attorneys robbed plaintiff out of her career and all monies because she purchased a 1985 Mercedes and a new mobile home- Bronco II in 1989 and did not get involved in corrupt activities." Clearly, these nearly unintelligible assertions cannot form the basis of a conspiracy claim sufficient to support this court's subject matter jurisdiction pursuant to § 1331. See McAfee v. Fifth Circuit Judges, 884 F.2d 221 (5th Cir. 1989) (stating that conclusory allegations which lack reference to material facts are not sufficient to state a claim of conspiracy under Section 1983 or Bivens).

Further, to the extent that the complaint purports to assert a legal malpractice claim against her former counsel, aside from the fact that it is almost certainly barred by the statute of limitations, it, as a state law claim, in no way provides the court with subject matter jurisdiction. Accordingly, as plaintiff's complaint and amended complaint fail to state claims upon which relief may be granted and as there is no basis for the assertion of the court's subject matter jurisdiction, the court concludes that the complaint and amended complaint should be dismissed with prejudice.

Based on the foregoing, it is ordered that plaintiff's complaint be dismissed with prejudice.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the 21st day of June, 2007.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE